# Sanders *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Responsibility for accident—Burden of proof —Evidence.*

1. In a negligence case where the defendant, a railroad company, alleges that the accident was due to the negligence of a crew of another railroad company operating a train of such company over defendant's tracks under a traffic arrangement, the burden is upon the defendant to establish the facts necessary to shift its liability to the other company.

2. Where a railroad company permits another railroad company to run cars upon its tracks, it is liable for damages caused by the negligence of the company enjoying the permissive use. Under such circumstances the arrangement for traffic rights is in the nature of a

license, and the company enjoying the same is a licensee. The application of the rule, however, depends largely upon the nature of the contract between the companies.

3. In an action against a railroad company to recover damages for personal injuries at a grade crossing, it appeared that the safety gates at the crossing were under the control of the defendant. The train which caused the injuries belonged to another railroad company, but came upon the tracks of the defendant only after orders so to do had been given by the employees of the latter company, the rules and regulations of which the employees of the former company were subject to at the time of the accident. *Held*, that an action was properly brought against the defendant.

4. In an action against a railroad company it appeared that the. plaintiff was riding in an automobile, operated by his son-in-law. There was evidence that the safety gates at the crossing where the accident occurred were raised, that there was no watchman on duty, that no warning was given, that the automobile stopped at a proper place and was immediately started again when a train man of the defendant motioned them to proceed, and that it was struck before it got across the tracks. *Held*, that the case was for the jury.

Argued April 13, 1909. Appeal, No. 22, Jan. T., 1909, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1905, No. 1,323, on verdict for plaintiff in case of J. S. Sanders v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

At the trial it appeared that the plaintiff was riding on the evening of July 16, 1905, in an automobile operated by his son-in-law. As the machine approached a grade crossing at the intersection of Barney street and the defendant's track in the city of Wilkes-Barre it was seen that the safety gates were raised, and that no watchman was in attendance. The evidence for the plaintiff tended to show that as the machine approached the crossing it was stopped, or came nearly to a dead stop, but on a signal from a trainman it started over the crossing, and was struck by coal cars which were being backed on one of the tracks. There was also evidence that no warning of the approach of the cars was given. Other facts appear by the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*F. W. Wheaton,* with him *John McGahren* and *Henry W. Palmer,* for appellant.—Plaintiff's burden was, not merely to prove the happening of an accident on the defendant's property, but to prove that defendant's negligence was the proximate cause of his injury: Pennsylvania R. R. Co. v. Sellers, 127 Pa. 406; Huey v. Gahlenbeck, 22 W. N. C. 190.

The right of the Pennsylvania Railroad to permit the Delaware & Hudson Company to use its tracks is expressly conferred by the statute, and the effect of the arrangement was to create, as between the parties to it, the relation of lessor and lessee: Scziwak v. P. & R. R. R. Co., 4 Pa. Dist. Rep. 339.

While the contributory negligence of the owner and driver of the automobile cannot be imputed to the plaintiff, the plaintiff is fully responsible for his own acts of negligence: Dean v. Penna. R. R. Co., 129 Pa. 514.

*John M. Garman,* with him *W. Alfred Valentine,* for appellee. —As against the appellee the Pennsylvania Railroad Company is liable although a Delaware and Hudson train may have caused the accident: Hanlon v. Turnpike Road Co., 182 Pa. 115; Pinkerton v. Traction Co., 193 Pa. 229; Atwood v. Ry. Co., 72 Fed. Repr. 447; Smith v. Ry. Co., 85 Mo. 418; Penna. R. R. Co. v. Sellers, 127 Pa. 406; Macon, etc., R. R. Co. v. Mayes, 49 Ga. 355; Toledo, etc., Ry. Co. v. Rumbold, 40 Ill. 143; Muntz v. Algiers, etc., Ry. Co., 64 L. R. A. (La.) 222; Davis v. Wabash, etc., Ry. Co., 26 Am. & Eng. R. R. Cases, 315; Keeney v. Campbell, 215 Pa. 530; Camblin v. W. & B. R. R. Co., 218 Pa. 54.

The question of plaintiff's contributory negligence was under the evidence properly submitted to the jury: Pyle v. Clark, 75 Fed. Repr. 644; Coleman v. R. R. Co., 195 Pa. 485; Robin-

son v. R. R. Co., 66 N. Y. 11; Jones v. R. R. Co., 202 Pa. 81; McCarthy v. R. R. Co., 211 Pa. 193; Fennell v. Harris, 184 Pa. 578; Bickel v. R. R. Co., 217 Pa. 456; Penna. R. R. Co. v. Horst, 110 Pa. 226; Ayers v. Ry. Co., 201 Pa. 124.

OPINION BY MR. JUSTICE ELKIN, May 24, 1909:

The first assignment seeks to convict the learned court below of error in not giving binding instructions for the defendant at the trial; and the second challenges the correctness of the ruling in refusing to enter judgment non obstante veredicto. The appellant contends that this case presents a question of law for the court and not of fact for the jury. This contention is predicated upon two grounds: first, that the injuries complained of resulted from collision with a train of cars moved by and belonging to another railroad company whose employees were in charge of the train, and that if there was any negligence in the case the company owning the train of cars and employing the servants in charge of the same is alone responsible; and second, that under the facts proven at the trial appellee was so clearly guilty of contributory negligence as to warrant the court in holding as a matter of law that there can be no recovery of damages. As to the first proposition the testimony is meager and unsatisfactory. It does not clearly show what the traffic arrangement between the two companies was. The letter of the superintendent of the appellant company dated September 10, 1902, refers to a former letter dated July 9, 1902, which contained the terms and conditions upon which trackage rights would be given, but this letter is not in evidence, and therefore the court is not in position to determine what the contractual trackage rights of the other company are. The testimony does show that the right of way, roadbed and railroad tracks belong to and are under the control and management of the appellant company. The accident occurred at a grade crossing on the tracks of the Pennsylvania Railroad Company, and this makes out a case of primary responsibility if negligence be shown. If for any sufficient reason this primary responsibility may be avoided, the burden is upon the company denying it to estab-

lish the facts necessary to shift it. In the present case the evidence is not sufficient to shift the burden. The statement in the letter of September 10, 1902, relating to the assumption of and indemnity against all claims for personal injuries may very properly be considered in determining the ultimate responsibility between the contracting railroad companies, but cannot be used to defeat the right of the appellee to recover for injuries against the company primarily liable for the same.

Again, the general rule is, that where a railroad company simply permits another railroad company to run cars upon its tracks it is liable for damages caused by the negligence of the company enjoying the permissive use. Under such circumstances the arrangement for trackage rights is in the nature of a license, and the company enjoying the same, is a licensee. Of course, the application of the rule depends largely upon the nature of the contract between the companies. The lessor company may, and often does, transfer to the lessee company for a term of years, all of its property under a contract which gives the lessee exclusive control and management of the whole system. In such a case, depending upon the facts and circumstances, it may be that an action for personal injuries should be brought against the operating company. Then, too, there may be such a joint construction and use of tracks, under joint rules and regulations, as to make each company enjoying the joint use, liable for its own negligence. These are exceptional cases and depend upon their own peculiar facts. No such question arises under the facts of the case at bar. The safety gates at the crossing were under the control of the appellant company. While the train which caused the injuries belonged to another railroad company, it came upon the tracks of the appellant company only after orders so to do had been given by the employees of the latter company, the rules and regulations of which the employees of the former company were subject to at the time of the accident. We therefore hold under these facts that the action can be maintained against the appellant company. It may be that the plaintiff might have elected to have brought his suit against the Delaware and Hudson Company, but we are not dealing

with that question now and it is not necessary to pass upon it.

As to the second proposition, we do not agree with the contention of the learned counsel for appellant, that the evidence showed such a clear failure on the part of the appellee to perform his duty on approaching the crossing as to justify the court in holding as a matter of law that there could be no recovery on the ground of contributory negligence. No useful purpose can be served by reviewing the testimony on this branch of the case. We are all of opinion that it was sufficient to go to the jury and that the learned trial judge committed no error in its submission.

Judgment affirmed.