## Barnes v. Pennsylvania Railroad Company.

*Practice, C. P.—Pleading—Statutory demurrer—Negligence—Railroads— Responsibility for accident—Practice Act of 1915, sect. 20.*

1. In an action for damages for personal injuries, where there is filed an affidavit of defence raising a question of law under section 20 of the Act of May 14, 1915, P. L. 483, the question to be decided under the said act, which provides a substitute for the common law demurrer, is not whether the statement is so clear in form and specification as to entitle the plaintiff, without amendment of his statement, to proceed to trial, but whether, under the facts averred, the statement shows as a question of law that plaintiff is not entitled to recover. If there be doubt as to the right of the defendant to have summary judgment, the doubt should be resolved against the defendant, for it is the intention of the act that only in clear cases should summary judgment be entered against the plaintiff.

2. In passing upon the sufficiency of a statement, all the averments of fact therein contained are to be read together, and it is only where, from reading the whole statement, it clearly appears that no cause of action by the plaintiff against the defendant appears that summary judgment can be entered.

3. Where a steam railroad permitted a street passenger railway to run cars over its line, and where, at a grade crossing, a street car collided with an automobile, causing personal injuries to one of the occupants of the automobile, and an action in trespass was begun against the railroad, if there is any denial of liability on the part of the steam railroad, or, if for any reason, due to any contractual arrangement or agreement between the steam railroad and the passenger railway, the steam railroad would avoid liability, the burden is upon it to establish the facts necessary to shift such responsibility.

Statutory demurrer. C. P. Northumberland Co., Sept. T., 1921, No. 5.

*Cloyd Steininger* and *J. Fred Schaffer*, for plaintiff.

*J. Simpson Kline*, for defendant.

STRAUSS, P. J., Dec. 18, 1922.—The defendant in the above entitled case has filed an affidavit of defence raising a question of law under section 20 of the Act of May 14, 1915, P. L. 483. The question to be decided under section 20 of the said act, which provides a substitute for the common law demurrer, is not whether the statement is so clear in form and specification as to entitle the plaintiff without amendment of his statement of claim to proceed to trial, but whether, under the facts averred, the statement of claim shows as a question of law that plaintiff is not entitled to recover. If there be doubt as to the right of the defendant to have summary judgment, the doubt should be resolved against the defendant, for it is the intention of the act that only in clear cases should summary judgment be entered against the plaintiff.

3 D. & C.

In the instant case the following facts are averred in the statement:

Par. 2. (1) Defendant, May 22, 1920, was, and now is, a railroad corporation, in possession and control of and engaged in operating a steam railroad in Pennsylvania, between Montandon, Northumberland County, Pa., and Mifflinburg, Pa., *inter alia.*

(2) Defendant, May 22, 1920, and long prior thereto, permitted and allowed the Lewisburg, Milton and Watsontown Passenger Railway Company (a street railway company) to operate its (the latter's) cars upon, over and along the tracks of the defendant between Montandon and Mifflinburg.

Par. 3. (3) Tracks of defendant are laid upon St. John Street, a public highway, and across Water Street, a public highway, at grade in the Borough of Lewisburg, Pa.

Par. 4. (4) May 22, 1920, defendant was in the actual possession and use of the said railroad between Montandon and Mifflinburg, and was then and there engaged in the operation of its engines, cars and trains thereon.

(5) May 22, 1920, by and with the permission and consent of defendant, the Lewisburg, Milton & Watsontown Passenger Railway Company was engaged in operating certain of its (the passenger railway's) cars and rolling stock on, over and along the defendant's railroad tracks between Montandon and Mifflinburg aforesaid.

Par. 5. (6) It was the duty of defendant on day and year aforesaid to run and operate its locomotives, engines, cars and trains on and over the said railroad, and on and over the said crossing mentioned in paragraph 3 thereof, with due care.

(7) It was also the duty of defendant to cause the cars and rolling stock of said Lewisburg, Milton & Watsontown Passenger Railway Company to be run on and over the said crossing with due care, so that persons on foot or in vehicles passing along and over said Water Street and the said crossing might do so in safety.

Par. 6. (8) Charles Kibbey, late of No. 433 New Jersey Avenue, S. E., Washington, D. C., was driving an automobile in the Borough of Lewisburg, Pa., on May 22, 1920, southward on Water Street and to and over the said crossing mentioned in paragraph 3.

(9) Plaintiff, Belle C. Barnes, was, on May 22, 1920, a guest in and an occupant of the said automobile driven and operated by Charles Kibbey.

(10) Plaintiff was riding on the rear seat.

Par. 7. (11) Charles Kibbey drove said automobile southward on Water Street and attempted to negotiate the said crossing of said railroad with due and proper care.

(12) Plaintiff exercised due care in approaching and attempting to negotiate the said crossing.

Par. 8. (13) Plaintiff avers that defendant, disregarding its duties in the premises, did negligently and carelessly suffer, permit its railroad tracks upon and over the said grade crossing over the said Water Street, as hereinbefore set forth, to be and remain unguarded by flagman, guard, safety-gates or other warning device.

(14) Plaintiff avers that defendant, disregarding its duties in the premises, on May 22, 1920, did then and there carelessly and negligently suffer, permit and allow its licensee, the said Lewisburg, Milton & Watsontown Passenger Railway Company, to operate a certain car of the latter on and over the defendant's railroad and on and over and across the said grade crossing at a high, excessive and dangerous speed, without keeping proper lookout on the track ahead of the said car of the said Lewisburg, Milton & Watsontown

Passenger Railway Company, and without giving any warning, signal or alarm by bell, whistle or otherwise of the approach of the said car of the said Lewisburg, Milton & Watsontown Passenger Railway Company, so that by reason of the negligence of the said defendant the said car of the said Lewisburg, Milton & Watsontown Passenger Railway Company was then and there driven with great force and violence against the automobile so driven by Charles Kibbey while the plaintiff was an occupant of the said automobile as a guest.

Par. 9. (15) Contains averments as to infliction of injury to person of plaintiff, nature and character thereof.

Par. 10. (16) Contains averments as to damages, nature and character thereof.

Par. 11. (17) Contains averment of amount of damages claimed in money.

The affidavit of defence raising the question of law sets forth the following reasons for judgment, to wit:

(a) The second paragraph of plaintiff's statement is insufficient in law, in that it is not shown by what right the said Lewisburg, Milton & Watsontown Passenger Railway Company operated its cars over the tracks of said defendant, or that it was authorized so to do by said defendant, or that the defendant was in any wise liable for the negligence averred by said street railway company in the operation of its cars; the mere averment that the defendant allowed and permitted said Lewisburg, Milton & Watsontown Passenger Railway Company to operate the cars of said passenger railway company over defendant's tracks being insufficient in law to in any wise make the said defendant liable for the said alleged negligence of said passenger railway company.

(b) The fourth paragraph of plaintiff's statement of claim does not show a legal cause of action against the defendant, the Pennsylvania Railroad Company. The mere fact that the Lewisburg, Milton & Watsontown Passenger Railway Company was engaged in operating certain of its cars and rolling stock over the defendant's railroad tracks with the permission and by the consent of the defendant in no wise shows that the defendant is liable for the alleged negligence of said passenger railway company.

(c) The fifth paragraph of plaintiff's statement of claim likewise does not show a right of action against the defendant. The mere averment that it was the duty of the defendant to cause the cars and rolling stock of said Lewisburg, Milton & Watsontown Passenger Railway Company to be run and operated on and over said railroad and over said crossing with due care is not sufficient in law to sustain said action against defendant, it not appearing how or in what manner it was the duty of the defendant to cause said cars of said passenger railway company to be operated as alleged by the plaintiff, or how or why the defendant was liable for the operation of said cars of said passenger railway company, or that the defendant was in any manner liable for the alleged negligence in operating the same.

(d) The eighth paragraph of plaintiff's statement likewise does not show a cause of action against the defendant. The negligence therein averred, if any, being the negligence of said Lewisburg, Milton & Watsontown Passenger Railway Company in operation of its cars, it not appearing by what right the said passenger railway company was so operating its car, or that the defendant was in any wise liable for the operation of said car, or that the negligence averred was the negligence of the defendant or in any wise attributable to the defendant, or that the defendant was liable for the same in law; the mere fact that the defendant suffered, permitted and allowed said passenger rail-

3 D. & C.

way company to operate its cars over the railroad of the defendant in no wise makes the defendant liable for the alleged negligence in the operation of the said car by said passenger railway company, and in no wise shows any legal responsibility or liability of the defendant for the operation of the same.

In passing upon the sufficiency of the statement, all the averments of fact therein contained are to be read together, and it is only where, from a reading of the whole statement, it clearly appears that no cause of action by the plaintiff against the defendant appears that summary judgment can be entered. The reasons set forth in the affidavit of defence relate solely to the question as to whether or not there is a sufficient averment of liability of the defendant, in view of the fact that the car in question was being operated by the Lewisburg, Milton & Watsontown Passenger Railway Company. With this question we have little difficulty, as the accident occurred at a grade crossing on the tracks of the defendant, a case of primary responsibility is made out if negligence be shown, and in this case the averment of negligence appears in the statement. If there is any denial of liability, or if, for any reason due to any contractual arrangement or agreement between the defendant company owning the road and the Lewisburg, Milton & Watsontown Passenger Railway Company, the defendant would avoid this liability and be absolved therefrom, the burden is upon the defendant to establish the facts necessary to shift such responsibility: Sanders v. Pennsylvania R. R. Co., 225 Pa. 105.

We are, therefore, of the opinion that the statement is sufficient to establish a primary liability on the part of the defendant.

And now, to wit, Dec. 18, 1922, the court refuses to enter judgment upon the affidavit of defence raising the question of law, and allows the defendant fifteen days from the date of filing of this opinion to file an affidavit of defence or to invoke such other procedure as it shall determine.

From C. K. Morganroth, Shamokin, Pa.